IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CR-23-35-SLP |
| ) | |
| JOSE GUADALUPE CORRALES PEIRO, ) | |
| ) | |
| Defendant. ) | |

**O R D E R**

Before the Court is Defendant's pro se Motion to Reduce Sentence [Doc. No. 36]. Defendant seeks a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 to the United States Sentencing Guidelines (U.S.S.G.). The Government has filed a Response [Doc. No. 40] in opposition. Defendant filed a Reply [Doc. No. 43].[1] The Court has further reviewed the Probation Office's Preliminary Report for Consideration of Sentence Reduction Based on Amendment 821 [Doc. No. 38]. For the following reasons, the Motion is DISMISSED.

**I.   Background**

On March 23, 2023, Defendant pled guilty to possession of methamphetamine with intent to distribute. Doc. Nos. 17, 21–23. On July 26, 2023, the United States Probation Office filed its Final Presentence Investigation Report (PSR). Doc. No. 27. The PSR

---

[1] After Defendant filed his pro se Motion, attorney Laura Deskin entered an appearance on his behalf. Ms. Deskin filed an advisement that "the Federal Public Defender will not file a [reply] brief on behalf of Mr. Peiro." [Doc. No. 42]. The Court will therefore entertain Defendant's pro se Reply [Doc. No. 43].

calculated a base offense level of 34, plus a two-point enhancement because Defendant maintained a premises for the purposes of manufacturing and distributing methamphetamine. *Id*. ¶¶ 24–25. After applying a three-level reduction for acceptance of responsibility, the PSR calculated a total offense level of 33. *Id*. ¶¶ 33–35.

The PSR calculated a total criminal history score of zero for Defendant, placing him in a criminal history category of I. *Id*. ¶ 38–39. Combining Defendant's total offense level of 33 and criminal history category of I, the PSR recommended a guideline range of 135 to 168 months' imprisonment. *Id*. ¶ 62.

On September 29, 2023, the Court adopted the PSR without change, varied downward, and sentenced Defendant to 120 months' imprisonment. Doc. Nos. 34, 35.

On July 1, 2024, Defendant filed the pending Motion. He seeks a reduction pursuant to 18 U.S.C. § 3582(c)(2) based on Amendment 821 on grounds that he is a zero-point offender.

**II.     Standard**

"A district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization." *United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir. 1997). One source of statutory authorization is section 3582 which allows for a possible reduction for a defendant "who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

Section 3582(c)(2) "establishes a two-step inquiry." *Dillon v. United States*, 560 U.S. 817, 826 (2010). "At step one, § 3582(c)(2) requires the court to follow the

Commission's instructions in [U.S.S.G.] § 1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." *Id*. at 827. "At step two of the inquiry, § 3582(c)(2) instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." *Id*.

Here, Defendant seeks a sentence reduction pursuant to Amendment 821 to the U.S.S.G. which took effect on November 1, 2023, and applies retroactively. Part A of Amendment 821 limits the criminal history impact of "status points," and Subpart 1 of Part B of Amendment 821 creates a new guideline, § 4C1.1, that provides for a decrease of two offense levels for "Zero-Point Offenders." *See* U.S. Sent'g Guidelines Manual app. C Supp., amend. 821 (U.S. Sent'g Comm'n 2023). With respect to the guideline for zero-point offenders, a defendant is eligible for a two-level reduction in his offense level if he or she meets all ten of the listed criteria.[2]

---

[2] Those ten criteria are:
    (1) the defendant did not receive any criminal history points from Chapter Four, Part A;
    (2) the defendant did not receive an adjustment under § 3A1.4 (Terrorism);
    (3) the defendant did not use violence or credible threats of violence in connection with the offense;
    (4) the offense did not result in death or serious bodily injury;
    (5) the instant offense of conviction is not a sex offense;
    (6) the defendant did not personally cause substantial financial hardship;
    (7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
    (8) the instant offense of conviction is not covered by § 2H1.1 (Offenses Involving Individual Rights);

### III. Analysis

Defendant is a zero-point offender and he meets all ten criteria. Application of Amendment 821 would reduce Defendant's total offense level from 33 to 31, resulting in a reduced guideline range of 108–135 months. However, the Court already considered the effect of Amendment 821 when sentencing Defendant. *See* Doc. No. 35 at 3 (justifying downward variance because "Court considered proposed USSG amendment (zero criminal history point offenders at §4C1.1)"). So while Defendant is technically eligible, he has already received the benefit of Amendment 821.

IT IS THEREFORE ORDERED that Defendant's Motion to Reduce Sentence [Doc. No. 36] is DENIED.

IT IS SO ORDERED this 24th day of March, 2025.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE

---

(9) the defendant did not receive an adjustment under § 3A1.1 (Hate Crime Motivation or Vulnerable Victim) or § 3A1.5 (Serious Human Rights Offense); and
(10) the defendant did not receive an adjustment under § 3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848 . . . .

U.S.S.G. § 4C1.1(a).